IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

VS.                              Case No. 2:20-cr-20008-PKH-MEF-2

BRENT PRESLEY                                                              DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant/Movant, Brent Presley ("Presley"), filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on March 11, 2024. (ECF No. 78). Currently before the Court is Presley's failure to comply with a Court Order and his failure to prosecute this action.

### I.      BACKGROUND

Presley's Motion is deficient and incomplete in the following aspects: (1) it fails to state any grounds for relief and alleges no facts in support of any grounds for relief; (2) it fails to explain why the one-year statute of limitations contained in 28 U.S.C. § 2255 does not bar his Motion[1]; (3) it does not contain a statement of the relief requested; and, (4) it is not signed properly under penalty of perjury by Presley, along with a statement regarding when the motion was placed in the prison mailing system (if the prison mailing system was used). See Rules Governing § 2255 Cases, Rule 2; AO 243. On March 13, 2024, the Court entered an Order advising Presley of these

---

[1] The Court of Appeals for the Eighth Circuit affirmed Presley's conviction and sentence on February 22, 2022. (ECF Nos. 75-1, 75-2). Presley did not file a Petition for a Writ of Certiorari. The time in which he could have petitioned for certiorari expired on May 23, 2022, which date is 90 days after entry of the Court of Appeals' judgment. Sup. Ct. R. 13(1). Accordingly, Presley's conviction became final on May 23, 2022, and he had one-year from that date, or until May 23, 2023, to file a timely motion under 28 U.S.C. § 2255. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

deficiencies and directing him to complete and file the standard form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO 243) on or before April 12, 2024.  (ECF No. 81).  The Order specifically informed Presley that should he fail to comply with the Order as directed, his pending Motion may become subject to dismissal for failure to obey a court order.  As directed, the Court Clerk mailed a blank standard form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and a copy of the Court's Order, to Presley on March 13, 2024.  The mail was not returned as "undeliverable."

Presley has failed to file a completed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody or to otherwise communicate with the Court.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Presley filed a facially deficient Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He was given an opportunity to cure the deficiencies in his Motion, but he has failed to do so. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Presley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 78) should be dismissed without prejudice for failure to comply with the Court's Order and failure to prosecute this case.

### IV.  CONCLUSION

For the reasons stated above, it is RECOMMENDED that Presley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 78) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of April 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE